UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:13-cr-36-JMS-TAB |
| | ) | |
| CHRISTOPHER SCOTT MOORE, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On June 10, 2016, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on January 15, 2016.  Defendant Moore appeared in person with his appointed counsel William Dazey.  The government appeared by Kristina Korobov, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Jason Nutter.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Moore of his rights and provided him with a copy of the petition.  Defendant Moore waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Moore admitted violation 1 (pled guilty to criminal confinement).  [Docket No. 40.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |

On January 13, 2016, Christopher Moore was arrested by officers of the Indianapolis Metropolitan Police Department and charged with Criminal Confinement and Strangulation, both level 6 felonies, and Domestic Battery and Battery Resulting in Bodily Injury, both class A misdemeanors. This case was filed in Marion County Superior Court, Division 16, under cause number 49G161601F6001649. The offender appeared for an Initial Hearing on January 14, 2016, and his bond was set at $1,000 cash, $10,000 surety. The case is scheduled for a Pretrial Conference on January 21, 2016.

On January 13, 2016, this officer attempted to locate the offender at his reported residence to address a failure to appear for a substance abuse treatment session, and to take a portable breath test, but was unable to locate him. This officer proceeded to the residence of the offender's wife, Tamara Moore, 5708 Port Au Prince Drive, as the offender stays at this residence frequently, but is not permitted to reside at the residence by apartment management due to his status on the Sex Offender Registry. This officer knocked on the apartment door and could hear Tamara Moore screaming from the bedroom. This officer continued to knock and directed Mr. Moore to open the door. This officer could hear Tamara Moore give a muffled scream and hen hear a loud thug, which sounded like a body being thrown against the wall. This officer called 911 and requested assistance from Indianapolis Metropolitan Police Department. Two IMPD officers arrived on scene and this officer briefed them on the offender's criminal history, including his two prior convictions for domestic battery against his wife. I further advised I believe Tamara Moore was possibly in danger and being physically abused in the residence. The officers made repeated commands for the occupants to open the door, and during this time, they could hear a female voice crying out for "help." With the approval of a supervisor, they began kicking in the door, and discovered the offender, standing naked, just inside the apartment door. He was ordered to the ground and handcuffed. The offender immediately began yelling, "I didn't do anything!" Upon entering the residence I saw Tamara Moore on the couch, cowering, with blood smeared on her face and nose, a cut on the bridge of her nose, and a large goose-egg abrasion on her forehead. She also had blood spatters on her shirt. She reported the offender had been drink alcohol all day and had been drinking for the past three days. She reported he beat her in the face and about her head with his fist repeatedly. She stated when he heard this officer knocking on the door, he held her down on the couch and put his hand over her mouth, preventing her from breathing. She stated he was demanding sex from her all day long and she declined his advances, which

> angered him.  She stated she was trying to call out for help from this officer and the IMPD officers when the offender was holding her down and covering her mouth.
>
> After Tamara Moore was questions, this officer spoke with the offender. He reeked of an alcoholic beverage and was slurring his words.  This officer observed an open, half consumed can of Coors beer on the living floor.  This officer also observed many empty beer cans in the trash can, an empty twelve pack case, and a twelve pack case in the refrigerator, with only one beer remaining.   The offender admitted he had consumed nine beers that day, but continued to deny battering his wife and claimed Tamara received her injuries by falling and hitting her head on a chair and stated "check that chair for blood."  This officer and the IMPD officers inspected the chair and could find no blood, however, there was blood on the offender's right hand, which appeared to be from then he placed his hand over his wife's mouth. The offender was very agitated and called his wife "cu*t" and bit*h" and stated he wanted a divorce.  He later tried to call out to Tamara in the back bedroom, to ask that she case his paycheck and put money on his commissary at the jail.  A domestic violence detective took pictures of Tamara's injuries.  She was checked by paramedics, who wanted to transport her to the hospital for a possible concussion or broken bones, but she refused medical treatment.

4. Government orally moved to dismiss violations 2, and 3 and the Court granted the same.

5. The parties stipulated that:

    (a)    The highest grade of violation is a Grade B violation.

    (b)    Defendant's criminal history category is VI.

    (c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 24 months' imprisonment.

6. The parties jointly recommended a sentence of 16 months with 8 years of supervised release to follow.  Defendant requested a recommendation of placement at USP Tuscan.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his

supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 16 months with 8 years of supervised release to follow.  In addition to the mandatory conditions of supervision, the Court imposed 13 standard conditions and 6 common special conditions as listed in USPO's "Revocation Parameter Worksheet" and is attached to this Report and Recommendation as "Attachment A."  Each condition imposed was read and explained to the defendant.  The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.  The Court will make a recommendation of placement at USP Tucson.

      The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.   The parties waived the fourteen-day period to object to the Report and Recommendation.

      Dated:   June 22, 2016

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal

# ATTACHMENT A

# INSD REVISED CONDITIONS OF SUPERVISED RELEASE

**STANDARD CONDITIONS**

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.  (Supervised Release cases only)

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity.  You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities).  When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

These conditions are necessary to assist the probation officer in supervising the defendant and to insure the safety of the community. Defendant has a lengthy criminal history, which includes rape, domestic battery, resisting law enforcement, and possession of narcotics, consequently the above-mentioned conditions are prudent for supervision.

## COMMON SPECIAL CONDITIONS

**1.     Substance Abuse Treatment, Testing, and Abstinence**

You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You shall pay some or all of the costs of such treatment, if financially able.

You shall not use or possess alcohol.

**5.     Association and Contact Restrictions**

You shall not have any unsupervised meetings, non-incidental communications, activities, or visits with any minor, unless they have been disclosed to the probation officer and approved by the court. In determining whether to recommend approval of such activities involving members of your family, the probation officer shall determine if you have notified the persons having custody of any such minors about the conviction in this case and the fact that you are under supervision. If this notification has been made, and if the person having custody consents to these activities, then this condition is not intended to prevent recommended approval of the activity.

You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, non-incidental communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

**6.     Place Restrictions**

You are prohibited from entering any place primarily frequented by children under the age of 18, including schools, playgrounds, and childcare facilities.

**14.     Search and Seizure**

You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct.  Other law enforcement may assist as necessary.  You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches.

**16.     Restrictions on Viewing Sexually Explicit Materials**

You shall not possess any obscene material, child pornography, child erotica, or nude images of minors.  Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

**19.**     You shall register as a sex offender with the appropriate authorities of any state in which you reside, are employed, or attend school.

These conditions are recommended to monitor the Defendant and any potential for noncompliance.  Given his history which includes rape, domestic violence, alcohol abuse, possession of narcotics, and theft, these conditions would assist the probation office in attempts to monitor the offender.