UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0036-JMS-TAB |
| | ) | |
| CHRISTOPHER SCOTT MOORE, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on September 1, 2017 and supplemental petitions filed on October 27, 2017, and December 15, 2017 (collectively, "Petition"), and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on January 12, 2018, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On January 12, 2018, defendant Christopher Scott Moore appeared in person with his appointed counsel, Joseph Cleary. The government appeared by Nick Linder, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Chris Dougherty, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Moore of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Moore questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Moore and his counsel, who informed the court they had reviewed the Petition and that Mr. Moore understood the violations alleged. Mr. Moore waived further reading of the Petition.

3. The court advised Mr. Moore of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Moore was advised of the rights he would have at a preliminary hearing. Mr. Moore stated that he wished to waive his right to a preliminary hearing.

4. Mr. Moore stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Moore orally waived the right to a preliminary hearing in open court, and the court accepted the waiver.

5. The court advised Mr. Moore of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Moore, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, 4, 5, 6, 7, and 8 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not commit another federal, state or local crime."** |

On August 25, 2017, Christopher Moore was arrested by an undercover Indianapolis Police Department officer for Making an Unlawful Proposition, A-misdemeanor. The offender allegedly approached a female undercover officer and offered her money in exchange for a sexual act.

This case is pending in Marion County Superior Court under cause number 49G121708CM031531, and is scheduled for a pretrial conference on October 17, 2017.

| | |
|---|---|
| 2 | **"You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer."** |

The offender was arrested on August 25, 2017, for Making an Unlawful Proposition. He was released from custody on August 26, 2017. On September 12, 2017, he appeared in Marion County for an initial hearing. He did not notify the probation officer of any of these events. The offender called his probation officer and admitted his arrest and pending case on September 15, 2017.

| | |
|---|---|
| 3 | **"The defendant shall not unlawfully possess a controlled substance." "The defendant shall refrain from any unlawful use of a controlled substance."** |

On October 11, 2017, the offender submitted a urine screen which tested positive for cocaine and was also dilute. The offender admitted he snorted cocaine to produce this positive screen and admitted he used cocaine on approximately two other occasions.

| | |
|---|---|
| 4 | **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."** |

The offender failed to report for random drug screens on October 2, 2017, and October 4, 2017. He also submitted a dilute urine screen on October 11, 2017, the same day he tested positive for cocaine.

| | |
|---|---|
| **5** | **"You shall not use or possess alcohol."** |

On September 28, 2017, the probation officer conducted a home exam at the offender's residence at approximately 9:05 p.m. The offender was sitting at a picnic table behind his residence with a can of beer in his hand, and empty beer cans on the table. The offender admitted he was intoxicated and would test positive on a breathalyzer. The probation officer viewed the inside of the offender's residence and observed at least six empty beer cans around the residence. The offender admitted he consumed approximately 12 cans of beer on that day.

| | |
|---|---|
| **6** | **"You shall reside at a residential reentry center for a period of up to 180 days, as directed by the probation officer. You shall abide by the rules and regulations of the facility."** |

On December 7, 2017, the offender signed out of Volunteers of America (VOA) for a pass to go to his employment. He failed to report to work and instead checked into the Regal 8 Inn motel, located at 6231 West Washington Street, Indianapolis. He returned to VOA that evening. He left VOA on December 8, 2017, on a pass to go to work, but again, returned to the Regal 8 Inn, and spent the night at the motel, failing to return to VOA until 24 hours later, on December 9, 2017, at approximately 1:00 p.m. He was out of place for two straight days, and left the facility overnight without permission. When questioned on December 9, 2017, the offender admitted checking into the hotel and violating VOA policy, because he stated he was stressed out due to personal problems and wanted "time to myself." On December 12, 2017, the offender was allowed to leave VOA to attend a pending court hearing in Marion County at 1:00 p.m. He failed to attend that hearing and failed to return to VOA. A $500 cash bond was issued for the offender's arrest in Marion County case 49G12-1708-CM-031531, on December 12, 2017. The offender's whereabouts are unknown, and he is considered an absconder. Additionally, the offender is now in violation of the Marion County Sex Offender Registry.

| | |
|---|---|
| **7** | **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation office4r shall supervise your participation in that program. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."** |

On December 9, 2017, the offender failed to attend a substance abuse treatment group.

4

    **8**    **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment. When prior notification is not possible, you shall notify the probation office within 72 hours of the change."**

    The offender last reported to work on December 6, 2017, and has failed to return to his employment. His employer, Forge Staffing, indicated he is terminated as of December 14, 2017.

7. The court placed Mr. Moore under oath and directly inquired of Mr. Moore whether he admitted violations 1, 2, 3, 4, 5, 6, 7, and 8 of his supervised release set forth above. Mr. Moore admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 3) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Moore's criminal history category is VI.

   (c) The range of imprisonment applicable upon revocation of Mr. Moore's supervised release, therefore, is 21 - 24 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties jointly recommended a sentence of twenty (20) months with forty-eight (48) months of supervised release to follow. Defendant requested placement at FPS Marion.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, CHRISOTPHER SCOTT MOORE, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of twenty (20) months with forty-eight (48) months of supervised release to follow. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

13. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: substance abuse treatment. The probation officer shall determine your ability to pay and any schedule of payment. Justification: This condition will require him to invest into his rehabilitation.

14. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches.

15. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer.  Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

16. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

17. You are prohibited from entering any place primarily frequented by children under the age of 18, including schools, playgrounds, and childcare facilities.

18. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

19. You shall register as a sex offender with the appropriate authorities of any state in which you reside, are employed or attend school.

20. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

21. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

22. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

23. You shall not use or possess alcohol.

24. You shall participate in a mental health treatment, specifically a program to address domestic violence and/or anger control issues, as determined by the treatment provider. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

25. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay. The probation officer shall determine your ability to pay and any schedule of payment. (substance abuse treatment; substance abuse testing; mental health treatment.)

Defendant Moore reviewed the foregoing conditions and they were reviewed by defendant with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release.

The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

The parties in open court waived notice of this Report and Recommendation and objections to it.

Counsel for the parties and Mr. Moore entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Moore's supervised release, imposing a sentence of imprisonment of twenty (20) months with forty-eight (48) months of supervised release to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation. The Magistrate Judge further recommends that Defendant be placed at FPS Marion.

IT IS SO RECOMMENDED.

Date: 1/26/2018

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal